IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 18-00264-KD-N |
| BRADLEY MORRIS HALL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the "Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the Amended First Step Act of 2018" filed by Defendant Bradley Morris Hall[1] and documents in support (docs. 41, 41-1 through 41-3).[2] Upon consideration, and for the reasons set forth herein, the motion is denied.

I. Background

On September 27, 2018, Hall was indicted for three counts of felon in possession of a firearm, each in violation of 18 U.S.C. § 922(g)(1) (doc. 1). On November 21, 2018, Hall pled

---

[1] Hall's motion for appointment of counsel (doc. 42) is denied. Defendants have no constitutional or statutory right to appointment of counsel for motions filed under 18 U.S.C. § 3582(c). Additionally, Hall has shown the ability to effectively set forth the facts and legal argument necessary to support his motion, and the issues raised therein are not so complex as to require appointment of counsel. See United States v. Mars, 2022 WL 1124804, at *2 (11th Cir. Apr. 15, 2022) (explaining that "equitable concerns, such as the complexity of the issues involved on appeal, may 'make the appointment of counsel appropriate to ensure a just outcome' in § 3582(c)(2) proceedings.") (quoting United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009); United States v. Rolon, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (unreported opinion) (footnote omitted) ("The only basis for appointment of counsel that Rolon asserted in his motion was his pro se status and that he was 'not versed in the complexities of the law,' but pro se status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'") (Citation omitted).

[2] Hall filed a copy of the Warden's denial of Hall's request, his release plan, and medical records.

guilty to Count Two (docs. 18, 19). On April 12, 2019, he was sentenced to 110 months in prison with a three-year term of supervised release to follow. The remaining counts of the indictment were dismissed (doc. 29). Judgment was entered April 18, 2019 (Id.). Hall did not file an appeal. He filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 based upon the Supreme Court's decision in United States v. Rehaif, 139 S. Ct. 2191 (2019) (doc. 32). The Motion was denied (doc. 38, 39).

At present, Hall is 37 years old and incarcerated at USP Terre Haute in Terre Haute, Indiana. His anticipated release date is May 27, 2026. As of June 6, 2023, no inmate or staff member was positive for Covid 19. https://www.bop.gov/coronavirus/covid19_statistics.html USP Terre Haute is operating at Level One, the least restrictive operational level for Covid 19. https://www.bop.gov/locations/institutions/mem/

II. Analysis

A. Motion pursuant to 18 U.S.C. § 3582(c)(1)(A).

Generally, a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605–606 (11th Cir. 2015). Hall moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This statute, as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural requirements are met,[3] the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and "that such a reduction is

---

[3] As to the procedural requirements, defendants may file a motion for reduction of sentence after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days" from the warden's receipt of the request to file a motion, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Hall provides a copy of the Warden's denial of Hall's request. The denial is dated April 25, 2020 (doc. 41-1). Hall filed his motion on October 6, 2022 (doc. 41), after the lapse of more than thirty (30) days.

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021). In other words, in this Circuit, the Policy Statement found at U.S.S.G. § 1B1.13 applies to motions filed by defendants.

The Policy Statement, in relevant part, provides that upon motion under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment if it determines that there are extraordinary and compelling reasons which warrant a reduction, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam). Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A). Specifically, the "medical condition of the defendant" such as a terminal illness. U.S.S.G. § 1B1.13(A)(i). Or the defendant is "suffering from a serious physical or medical condition, … serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care" in prison "and from which he or she is not expected to recover." Id. at cmt. n.1(A)(ii). Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt. n.1(B). Additionally, certain "family circumstances" may provide grounds for a reduction of

sentence. Id. at cmt. n.1(C).  Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id.

And last, "other reasons … [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D).  Although the phrases "other than" or "other reasons" have been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" which are "beyond" those in the Policy Statement. United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F. 4th at 1343, 1347 (11th Cir. 2021)). Thus, the Court is constrained by the determinations of the Director of the BOP.  See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g).* Review of Program Statement 5050.50 indicates that the Director of the BOP has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence; and certain family circumstances involving the death or incapacitation of the caregiver of the inmate's minor children, or disabled spouse or registered partner, may, if other conditions are met, constitute grounds for relief.

Hall appears to rely upon Application Note 1(A)(ii), 1(C), and 1(D).  He argues that extraordinary and compelling reasons for a reduction in sentence exist because, in combination, his "multiple health issues" – untreated anxiety which compromises his immune system, non-

alcohol fatty liver disease, and polycythemia vera, a blood disorder which causes fatigue and exhaustion - place him at "high risk of severe illness or death" should he contract Covid-19 or monkeypox (doc. 41, p. 5-8).  Hall argues that monkeypox is "rapidly becoming our next epidemic" and that monkeypox and Covid 19 thrive in the crowded conditions of prisons. Hall reports that he has been fully vaccinated for Covid 19 (Id., p. 2).  Hall also argues that extraordinary and compelling reasons exist because his elderly parents need his assistance (Id., p. 9).  Hall reports that his 63-year-old mother received a "liver transplant as a result of Hepatitis C" and his 72-year-old father "had triple bypass surgery as a result of heart disease" (Id.).  In support, Hall cites to a district court decision in the District of Massachusetts wherein the district court found that the defendant was the only available caregiver for his mother and saw "no reason to discount this unique role simply because the incapacitated family member is a parent and not a spouse." United States v. Bucci, 409 F. Supp. 3d 1, 2 (D. Mass 2019).

Since Congress specifically stated that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has specifically held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, United States v. Bryant, 996 F. 3d at 1262, this Court is without authority to disregard the Policy Statement's plain language. A reduction of sentence based upon Hall's family circumstances would not be consistent with Application Note 1(C) in the Policy Statement.  Additionally, Hall's anxiety and concern about contracting Covid 19 or monkeypox are not extraordinary and compelling reasons for a reduction of sentence without a showing that his underlying medical conditions diminish substantially his ability to provide self-care in prison. Policy Statement U.S.S.G. § 1B1.13, cmt n. (1)(A)(ii); United States v. Butler, No. 22-12210, 2023 WL 2857240, at *2 (11th Cir. Apr. 10, 2023) ("Never has Butler asserted -- and nothing evidences -- that his anxiety or any other medical condition has diminished substantially his ability to provide self-care while in prison.") (Footnote omitted); United States v. White, No. 21-11145, 2022 WL 3698371, at *2 (11th Cir. Aug. 26, 2022) (affirming the district court's denial of compassionate release, explaining in part

that the defendant "failed to show that Covid-19 and his varicose veins substantially diminished his ability to provide self-care in prison.") (Citing U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)); United States v. Lemy, No. 20-CR-80062-RAR, 2023 WL 246895, at *3 (S.D. Fla. Jan. 18, 2023) ("And Defendant is not entitled to a modification of his sentence based solely on generalized COVID-19 fears and speculation regarding 'breakthrough infections of COVID-19 among people who are vaccinated'.").

Overall, a reduction of sentence based upon Hall's fear of contracting Covid 19 or monkeypox without a showing that his underlying health conditions substantially diminish his ability to provide self-care while in prison and his family circumstances, in combination, would not be consistent with Application Note 1(D). The Eleventh Circuit has explained that if a defendant's circumstances do not meet any of the reasons in Application Notes 1(A) through (D) in the Policy Statement, then he or she is ineligible for consideration of a reduction. United States v. Bryant, 996 F.3d at 1254. Thus, the Court need not consider whether the factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction or whether Hall's release would not pose a danger to other persons, or the community, as provided in 18 U.S.C. § 3142(g). United States v. Tinker, 14 F. 4th at 1238 (failure to make a showing on any one requirement, "would foreclose a sentence reduction.").

III. Conclusion

Accordingly, for the reasons set forth herein, Hall's motion is denied.

**DONE** and **ORDERED** this 12th day of June 2023.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**